JUSTICE LEAPHART,
specially concurring.
¶33 I specially concur in the Court’s holding that vacation pay is earned by virtue of an employee’s labor and once it has accrued, it has been “earned” and cannot be divested by a condition subsequent; e.g., that an employee work the next shift after having taken a vacation. I write to address what I see as the fallacy in the dissent’s position. The dissent argues that the employer is entitled to fashion reasonable requirements pertaining to the earning and using of vacation benefits granted to the employee. I agree to the extent that the employer imposes conditions precedent on the awarding of vacation pay. If, however, as the dissent seems to acknowledge, vacation pay is recognized as the equivalent of a “wage,” then vacation pay, like a wage, cannot be conditioned upon performance of conditions subsequent. We would certainly not, for example, uphold an employer’s policy which provides that an employee will not be paid her wage for the month unless she returns and works the first week of the succeeding month. If the employee works the month of March, she has earned her pay and is entitled to be paid her wage for that month regardless of whether she works at all in April.
¶34 Langager earned her vacation pay when she completed the second year of her employment. The condition subsequent, that she work the shift following her vacation, does not pertain to whether she “earned” the vacation, rather it pertains to whether she will be paid *457 for the vacation she earned. Conditions which purport to divest an employee of that which the employee has earned are not reasonable and should not be upheld.